***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the alleged injuries by accident and/or occupational diseases giving rise to these claims, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
At the time of the injuries by accident and/or occupational diseases allegedly suffered and/or contracted by plaintiff, an Employee-Employer relationship existed between plaintiff and defendant-employer.
At the time of the alleged injuries by accident and/or occupational diseases alleged herein, defendant-employer Banner Pharmacaps was insured for workers' compensation claims by Safety National Casualty Company, with Hewitt Coleman Associates serving as the Administering Agent.
Plaintiff was 46 years old at the time of the hearing before the Deputy Commissioner. He was first employed by Banner Pharmacaps in October of 2001. At the time plaintiff resigned his employment at Banner Pharmacaps, his average weekly wage was $511.98, resulting in a compensation rate of $341.34 per week.
Following the termination of his employment at Banner Pharmacaps, plaintiff began working for Krispy Kreme, Inc., at an average weekly wage of $584.94.
At the hearing, plaintiff testified that he was currently self-employed, performing pick-up and delivery service on a contract basis. Plaintiff further testified that he earns $550.00 per week in this self-employment.
On or about April 27, 2002, plaintiff filed a Form 18 Notice of Accident with the North Carolina Industrial Commission alleging "psychiatric" injuries including depression and anxiety. No specific date of injury was noted on this April 27, 2002, Form 18.
On or about February 17, 2002, plaintiff filed a second Form 18 Notice of Accident with the Industrial Commission alleging the development of anxieties, depression and personality disorders in March 2002.
At the hearing before the Deputy Commissioner, plaintiff testified that in March or April 2002, during the course of his employment with Banner Pharmacaps, he fell while moving product at work when he tripped over an extension cord that had allegedly been left out by maintenance personnel. Plaintiff testified that he did not tell any of his co-workers or supervisors about this fall. According to plaintiff's testimony, he injured his back and hip during this fall.
Plaintiff testified that he did not seek medical treatment immediately after the alleged fall of March or April 2002, but did seek medical treatment thirty or forty days after the alleged fall. Plaintiff testified that he sought treatment at the emergency room of High Point Regional Hospital, and at Cornerstone Family Practice. Plaintiff could not remember the names of the physicians who treated him, and he did not introduce any medical records or other medical evidence documenting the alleged medical treatment.
Debbie Doom, of Banner Pharmacaps' Human Resources Department, testified that plaintiff never reported any alleged fall at work in March or April 2002. Further, Ms. Doom testified that the first notice she had of plaintiff's alleged fall at work in March or April 2002 was during plaintiff's testimony at the hearing before the Deputy Commissioner.
Joseph Coleman, Manager of plaintiff's division at Banner Pharmacaps, testified that plaintiff never reported to him any alleged March or April 2002 fall or other injury at work. Mr. Coleman further testified that the first notice he had of plaintiff's alleged fall at work in March or April 2002 was during plaintiff's testimony at the hearing before the Deputy Commissioner.
Following plaintiff's resignation of employment from Banner Pharmacaps on June 3, 2002, he began working for Krispy Kreme, Inc., in Greensboro, North Carolina. On July 15, 2002, plaintiff suffered a compensable injury by accident at Krispy Kreme when he tripped over an electrical cord and injured his back and lower extremities. This claim was accepted as compensable and plaintiff received temporary total disability benefits as a result of this July 15, 2002, injury. Plaintiff testified that his workers' compensation claim against Krispy Kreme has been settled.
Plaintiff presented no medical records and introduced no medical evidence of any kind related to his alleged fall at work in March or April 2002. Plaintiff also presented no medical records and introduced no medical evidence of any kind related to his claims for depression, anxieties, and/or personality disorders.
The only medical evidence introduced at the hearing of this claim was a November 27, 2002, office note from Dr. Paul W. F. Coughlin at Piedmont Urological Associates where Plaintiff complained of urinary retention, erectile dysfunction, and back pain. According to this note, plaintiff's back pain was related to a work-related injury suffered in West Virginia four years earlier. Dr. Coughlin's note of November 27, 2002, makes no reference to any alleged injury suffered by plaintiff at Banner Pharmacaps in March or April 2002.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he has sustained an injury by accident arising out of and in the course of his employment with defendant-employer. Plaintiff's evidence is insufficient for any physical or mental injury and his claims must therefore be denied. N.C. Gen. Stat. §97-2(6).
Plaintiff failed to give proper notice of his alleged injury to his employer. N.C. Gen. Stat. § 97-22.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim under the law must be and is hereby DENIED.
2. Each side shall pay its own costs.
This 19th day of August 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER